

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2006

# Tauro v. Yet Unnamed Domestic

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5483

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Tauro v. Yet Unnamed Domestic" (2006). *2006 Decisions.* Paper 578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DPS-289**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5483
_____

JOHN J. TAURO

Appellant,

v.

A YET UNNAMED DOMESTIC RELATIONS
WORKER KNOWN AS WORKER ID $IATT;
ACE CASH EXPRESS, A Texas Corporation

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-1180)
District Judge: Honorable Joy Flowers Conti
_____

Submitted for Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 27, 2006

BEFORE: FUENTES, VAN ANTWERPEN and CHAGARES, CIRCUIT JUDGES

(Filed:  August 16, 2006)

───────────────────

OPINION

───────────────────

PER CURIAM

John Tauro appeals from the District Court's order, entered November 30, 2005,

dismissing his civil rights complaint. For the reasons below, we will summarily affirm the District Court's order.

On August 24, 2005, Tauro filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, against an unnamed domestic relations worker in the Family Division of the Allegheny County Court of Common Pleas and Ace Cash Express, a Texas corporation licensed to conduct business in Pennsylvania. According to Tauro, the domestic relations worker sent an unsigned and undocketed wage attachment order to Ace requesting that money be withheld from Tauro's paychecks because of past due child support. Tauro claims he does not owe any child support. He seeks compensatory and punitive damages. On November 15, 2005, the District Court directed Tauro to show cause why the action should not be sua sponte dismissed on the basis of collateral estoppel and the lack of state action. Tauro filed a response to the order but the District Court determined that he failed to show cause why his case should not be dismissed. Accordingly, the District Court dismissed the case with prejudice. Tauro timely appealed. He has filed a motion for appointment of counsel on appeal.

We conclude that Tauro's complaint was properly dismissed. We agree with the District Court that Tauro's claims against the domestic relations worker are barred by the doctrine of collateral estoppel. As to the claims relating to Ace, the District Court held that Tauro failed to explain how this entity acted under the color of state law. In Lugar v. Edmonson Oil Company, Inc., 457 U.S. 922, 941 (1982), the Supreme Court held that a private party's joint participation with state officials in the seizure of disputed property is

2

sufficient to characterize that party as a "state actor." However, even if Tauro can show that Ace acted under color of state law under <u>Lugar</u>, his claim against Ace properly would have been dismissed as barred by collateral estoppel. <u>See</u> <u>Witkowski v. Welch</u>, 173 F.3d 192, 198-99 (3d Cir. 1999). Tauro's underlying claim is that his due process rights were violated when the Allegheny County Court of Common Pleas directed the collection of child support arrears. This issue was adjudicated in a prior court decision. <u>See</u> D. Ct. Order, 1.

For the foregoing reasons, we conclude that no substantial question is presented in this appeal. We, therefore, will affirm the District Court's judgment. Tauro's motion for appointment of counsel is denied.